UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNA R. GREER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-03571-DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SUA SPONTE DISMISSAL<br><br>(ECF Nos. 1, 3) |

Plaintiff Javanna R. Greer, who is proceeding pro se, brings this action against Defendants Sacramento County and Sacramento County Department of Child Support Services.[1] Pending before the Court is Plaintiff's motion for temporary restraining order. (ECF No. 3.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file. For the reasons that follow, the Court recommends this action be DISMISSED sua sponte based on lack of subject matter jurisdiction and Plaintiff's motion for temporary restraining order be DENIED as moot.

I.　**BACKGROUND**

　　**A.　The Complaint**

Plaintiff alleges in her Complaint that on December 8, 2025, Plaintiff received an

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

"EDD notice" confirming her unemployment benefits were reduced by 25% based on Defendant Sacramento County Department of Child Support Services (DCSS) enforcement of "void" child support orders. Compl. at 2-3 (ECF No. 1). Plaintiff alleges this reduction in her unemployment benefits caused her immediate and irreparable harm by lowering her income. *Id*. at 3. Plaintiff further alleges she was contacted by a Sacramento County Sheriff's Deputy regarding a DCSS warrant that required Plaintiff's appearance at DCSS, which Plaintiff alleges is a coercive threat of arrest. *Id.* Plaintiff seeks to challenge the "unconstitutional enforcement of the void child-support orders, unlawful garnishment of federally regulated unemployment benefits, [and] coercive threat of arrest." *Id*. at 1.

Plaintiff brings the following claims against Defendants: (1) violation of due process pursuant to 42 U.S.C. § 1983; (2) violation of equal protection pursuant to 42 U.S.C. § 1983; (3) "interference with familial association;" (4) declaratory relief; and (5) injunctive relief pursuant to Federal Rule of Civil Procedure 65. Compl. at 4. For relief, Plaintiff seeks a TRO "halting DCSS garnishment," and "preventing arrest under an invalid warrant." *Id*. Plaintiff also seeks injunctive relief prohibiting the enforcement of "void" child support orders and declaratory relief ordering the child support orders are void for lack of jurisdiction. *Id.*

### B.      Procedural Background

Plaintiff filed her Complaint, motion to proceed in forma pauperis, and motion for temporary restraining order (TRO) on December 11, 2025. (ECF Nos. 1-3.) On January 20, 2026, Plaintiff paid the filing fee. *See* Docket. Plaintiff has also filed multiple supplemental declarations in support of her TRO motion. (ECF Nos. 4-6, 12.)

## II.      DISCUSSION

### A.      Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction,

'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. This action's central issue is Plaintiff's child support orders and subsequent wage garnishments based on child support orders from the state court. This Court lacks jurisdiction over Plaintiff's claims concerning child support issues because they are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *see also Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."). In addition, because Plaintiff's claims seek to challenge child support decisions issued by the state court, this action is also barred by the *Rocker-Feldman* doctrine. *See Worldwide Church of God v. McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986) (stating that under the *Rooker-Feldman* doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings"); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (holding that district courts lack subject matter jurisdiction if the current claims are "inextricably

3

intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules"). The Court also finds that Plaintiff has not alleged an exception under the *Rooker-Feldman* doctrine based on extrinsic fraud. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).

Accordingly, the Court recommends dismissing this action sua sponte based on a lack of subject matter jurisdiction.

**B.      Motion for Temporary Restraining Order**

Plaintiff moves for a temporary restraining order pursuant to Federal Rules of Civil Procedure 65 seeking to halt garnishment of her benefits by Defendant DCSS and prevent enforcement of a DCSS warrant. ECF No. 3 at 1-2. Because the Court is recommending the Complaint be dismissed for lack of jurisdiction, Plaintiff's TRO motion (ECF No. 3) should be DENIED as moot.

**III.    CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1.      Plaintiff's Complaint (ECF No. 1) be DISMISSED sua sponte for lack of subject matter jurisdiction;

2.      Plaintiff's motion for temporary restraining order (ECF No. 3) be DENIED as moot; and

3.      The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

4

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, gree3571.25